IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


PAULA RUSH                          :
                                    :
v.                                  :  Civil No. WMN-07-854
                                    :
AMERICAN HOME MORTGAGE, INC,        :
<u>et al.</u>                             :


### <u>MEMORANDUM</u>

Before the Court is the motion of Defendant, Trust Appraisers (TA), to dismiss the Complaint, Paper No. 12, and Plaintiff, <u>pro se</u>, Paula Rush's Motion for Leave to File an Amended Supplemental Complaint.  Paper No. 13.  Both motions are fully briefed and are ripe for the Court's review.  Also pending before the Court is Defendant Servicelink's motion to dismiss.  Paper No. 30.  This motion is unopposed.[1]  Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion to amend will be denied and the case will be dismissed without prejudice as to Servicelink and TA.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of the purchase of a home equity loan.

---

[1]The remaining Defendants, American Home Mortgage, Inc. (AHM), American Home Mortgage Servicing, Inc. (AHM Servicing), and American Brokers Conduit (ABC)(collectively American Home) also moved to dismiss the complaint.  Paper No. 20.  Thereafter, American filed a "Suggestion of Bankruptcy" stating that, on August 6, 2007, each had filed voluntary petitions for bankruptcy in the United States District Court for the District of Delaware, Wilmington Division.  Paper No. 23.  Accordingly, this action is automatically stayed as to those entities pursuant to 11 U.S.C. § 362(a).

Plaintiff owns a home located at 2651 Peery Drive, Churchville, Maryland 21028 (the Property).  In February of 2006, Plaintiff applied for a Pay Option (PO) Adjustable Rate Mortgage (ARM) offered by AHM, marketed by ABC, and serviced by AHM Servicing.  Plaintiff alleges that ABC represented to her that refinancing her home through the PO ARM would "build wealth, eliminate debt, and would save large sums of money for [her] via terms of a 1% interest rate, $56,000 cash out, and no prepayment penalty."  Compl. ¶ 15.

On February 22, 2006, in conjunction with Plaintiff's loan application, TA completed an appraisal of the Property and submitted it to the lender.[2]  On April 3, 2006, Plaintiff closed on the loan.  Defendant Servicelink acted as the settlement agent at the closing.

One year later, April 3, 2007, Plaintiff brought the instant action, alleging, inter alia, that the Defendants - the loan originator, the loan servicer, the lender, the appraiser, and the settlement agent - violated federal and state law by misrepresenting the terms of the loan, fraudulently overstating the value of Plaintiff's home, and thereby inducing her to enter into a loan she could not afford and which has caused her financial harm.  Her Complaint asserts twelve counts: "Violations of the Truth in Lending Act Prior to Closing" (Count I);

---

[2] It is not clear from Plaintiff's Complaint whether the lender was AHM or an entity referred to as "The Loan Corporation."

2

"Servicing Mortgage Loans Without Mandatory Truth in Lending Disclosures Subsequent to Closing" (Count II); "False Advertising" (Count III); "Fraud and Deceptive Acts" (Count IV); "RICO" (Count V); "Negligence" (Count VI); "Breach of Express Warranty" (Count VII); "Breach of F[i]duciary Duty" (Counts VIII & XI); "Unjust Enrichment/Restitution" (Count IX); "Breach of Contract" (Count X); and "Duress and Economic Duress" (Count XII).

On June 21, 2007, Defendant TA moved to dismiss the complaint for failure to state a claim or, in the alternative, requested a more definite statement as to the allegations against it given that Plaintiff never referenced TA by name in the body of her Complaint.

On July 3, 2007, Plaintiff moved for leave to amend her complaint.  Although Plaintiff's proposed "Amended Supplemental Complaint" is not in compliance with Local Rule 103.6.[3], and will be denied for that reason, the Court will consider the allegations raised therein against Defendant TA as it considers

---

[3]Local Rule 103.6 provides, in pertinent part, that a party seeking to amend a pleading shall attach both a clean copy of the proposed amended pleading and a copy of the amended pleading wherein "stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type."
    Plaintiff's "Amended Supplemental Complaint" does not incorporate the allegations in her original complaint at all.  Rather, the amended pleading sets forth new allegations against Defendant TA only.  The pleading is not a "Supplemental Pleading" within the meaning of Rule 15(d) of the Federal Rules of Civil Procedure, however, because the allegations against TA do not post-date the filing of the original complaint.

if amendment, properly presented, would be futile.  In her proposed amended complaint, Plaintiff asserts eight counts solely against TA: 1) "Fraudulent Inducement," 2) "Fraudulent Concealment," 3) "Fraudulent Misrepresentation," 4) "Maryland Real Estate Contract Law," 5) "The Maryland Consumer Protection Act," 6) "Unfair Trade Practices and Consumer Protection Law," 7) "Breach of Contract," and 8) "Breach of Fiduciary Duty."

As noted above, on August 8, 2007, the American Home Defendants filed a "Suggestion of Bankruptcy."  Paper No. 23.

On August 31, 2007, Defendant Servicelink moved to dismiss the Complaint for lack of subject matter jurisdiction and/or for failure to state a claim.  Plaintiff did not respond to Servicelink's motion.  Servicelink contends that this Court lacks diversity jurisdiction over the action because Plaintiff and Defendant TA both are citizens of Maryland.  Servicelink further argues that the Court lacks federal question jurisdiction because Plaintiff asserts only a state law claim (breach of fiduciary duty) against Servicelink and that exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 is not appropriate because the claim against Servicelink is not part of the same case or controversy as the federal law claims against the American Home Defendants.  Even if this Court were to conclude that supplemental jurisdiction exists, however, Servicelink urges the Court to decline to exercise such jurisdiction given that all of the federal law claims are stayed by virtue of the bankruptcy proceedings.

**II. STANDARD OF LAW**

The district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.  28 U.S.C. § 1332(a).  Additionally, the district courts have federal question jurisdiction over all civil actions "arising under federal law."  28 U.S.C. § 1331.  A case arises under federal law where federal law creates the cause of action or where "the vindication of a right under state law necessarily turn[s] on some construction of federal law[.]"  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9 (1983).  Where federal question jurisdiction exists, the district courts also have "supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy[.]"  28 U.S.C. § 1367(a).  Even where supplemental jurisdiction exists under § 1367(a), district courts have discretion to "decline to exercise supplemental jurisdiction" in four instances:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

**III. DISCUSSION**

   **A. Diversity Jurisdiction**

Plaintiff alleges diversity jurisdiction over this action in

5

both her original complaint and her proposed amended complaint. Compl. ¶ 3; Am. Compl. ¶ 1.  Plaintiff is a citizen of Maryland. Compl. ¶ 5; Am. Compl. ¶ 4.  In her amended complaint, Plaintiff alleges that Defendant TA is a "business licensed under the laws of the State of Maryland with a principal place of business [] located in Gaithersburg Maryland."  Am. Compl. ¶ 5; See also Servicelink's Mot. to Dismiss, Ex. A (certificate from the Maryland Department of Assessments and Taxation indicating that TA is a Maryland corporation).[4]  Based on these facts, complete diversity of citizenship does not exist and the Court lacks diversity jurisdiction over this action.

**B. Federal Question Jurisdiction**

As discussed above, Plaintiff raises claims arising under both federal and state law in her complaint.  It is clear that this Court has original jurisdiction over those claims arising under federal law.  Before considering whether supplemental jurisdiction exists as to the state law claims, however, the Court must first determine whether Plaintiff asserts any federal claims against either TA or Servicelink.

Reading Plaintiff's complaint and amended complaint broadly, she asserts causes of action under the following federal laws: 1) TILA and its implementing Regulation Z, 2) the Real Estate Settlement Practices Act (RESPA), 3) the Equal Credit Opportunity Act (ECOA), and 4) the Racketeer Influenced and Corrupt

---

[4]Plaintiff does not make jurisdictional allegations related to TA or Servicelink in her original complaint.

6

Organizations Act (RICO).  See Compl. ¶¶ 12-73, 91, 100-116.  Plaintiff alleges that the American Home Defendants violated each of these federal statutes, but she alleges no such violation by TA or Servicelink.  Rather, Plaintiff asserts claims against TA for common law fraud and fraudulent inducement, breach of contract, and breach of fiduciary duty as well as claims under the Maryland Consumer Protection Act.  Am. Compl. ¶¶ 28-79.[5]  The only allegations concerning Servicelink appear in Count VIII of the original complaint for breach of fiduciary duty and state that, as settlement agent, Servicelink "committed misconduct such as negligence" by failing to "take care to adequately explain the instruments of conveyance and the loan documents," including, "the HUD-1 Settlement Statement, the mortgage, deed of trust, TILA Statement, or, the all-important right of rescission."

---

[5] Within Plaintiff's fraudulent inducement count in her amended complaint, she alleges that TA violated the Federal Trade Commission Act (FTC Act).  The FTC Act creates no private cause of action, however, and may be enforced only by the FTC.  E.g., Williams v. Nat'l Sch. of Health Tech., Inc., 836 F.Supp. 273, 283 (E.D. Pa. 1993).
    Similarly, within Plaintiff's breach of fiduciary duty count in her amended complaint, she alleges violations of the Bank Holding Company Act (BHCA) and the Uniform Standards of Professional Appraisal Practices (USPAP).  BHCA also does not create a private cause of action.  See generally, Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342 (11th Cir. 1997). USPAP is promulgated by the Appraisal Foundation, "a quasi-government agency created by Congress to regulate appraisers in the United States."  McKesson Corp. v. Islamic Republic of Iran, 116 F. Supp. 2d. 13, 23 (D.D.C. 2000).  While compliance with USPAP standards may be relevant to a negligence cause of action, there is no private cause of action for non-compliance with USPAP, nor does it appear that federal law requires compliance unless the "appraisal is being performed for a federal agency."  Id.

Compl. ¶¶ 136-138.  Plaintiff also alleges that Servicelink "was required to pay off Plaintiff's first mortgage" within 3 days of settlement, but did not timely do so causing "duplicate interest on two loans" and that Servicelink "did not secure release in the home equity lien of credit[.]"  Compl. ¶¶ 139-140.  Accordingly, the Court concludes that Plaintiff pleads no cause of action arising under federal law against Defendants Servicelink and TA.[6]

As discussed, supra, this Court has supplemental

---

[6] Plaintiff does not include a separate prayer for relief within each count of her complaint, rather she includes one prayer for relief at the conclusion.  In her prayer for relief, Plaintiff
> prays for judgment as requested against American Home Mortgage and further prays for remedies under [TILA] . . . to obtain redress, restitution, disgorgement, monetary damages, attorneys' fees and other equitable relief against Defendants for engaging in unfair or deceptive acts or practices in violation of TILA . . . and its implementing Regulation Z . . . .  Plaintiff has suffered substantial injury as a result of Defendants' unlawful acts or practices as set forth in each of the Counts above.

Compl. ¶ 159 (emphasis added).
 To the extent that Plaintiff's prayer for relief could be read to bring all of the Defendants, including Servicelink and TA, within the TILA cause of action, the Court notes that such a claim is not cognizable against an appraiser or settlement agent.  See 15 U.S.C. § 1601 et seq. (Applying disclosure requirements to "creditors" and defining the term to mean those who "regularly extend consumer credit" and to whom the borrower's debt initially is payable); See also, e.g., Morilus v. Countrywide Home Loans, Inc., No. 07-900, 2007 WL 1810676 at *2-3 (E.D. Pa. June 20, 2007) (dismissing a TILA cause of action against an appraiser because the statute "is directed solely at parties extending consumer credit").
 Furthermore, the Court concludes that neither TA or Servicelink is brought within the federal claims by virtue of the boilerplate language that "Plaintiff realleges all of the foregoing paragraphs" (which appears in some, but not all, of the federal counts) because no allegations concerning TA or Servicelink (or even any mention of these Defendants) precedes the assertion of the federal causes of action.


jurisdiction over related state law claims that are "part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Despite Defendant Servicelink's contention to the contrary, the state law claims clearly fall within the scope of this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) in that all of Plaintiff's allegations arise out of the same home equity loan transaction. See White v. County of Newberry, 985 F. 2d 168, 172 (4th Cir. 1993) (noting that "claims need only revolve around a central fact pattern" to support the exercise of supplemental jurisdiction).

Servicelink argues, however, that this Court should decline to exercise supplemental jurisdiction under the circumstances where all of the federal claims have been stayed due to the pending bankruptcy petition filed by the American Home Defendants. As discussed above, this Court may decline to exercise supplemental jurisdiction where it has original jurisdiction over related claims if one of the four factors identified in 28 U.S.C. § 1367(c) exists. In the instant case, the first three factors are inapplicable in that Plaintiff's claims do not "raise[] a novel or complex issue of State law," Plaintiff's state law claims do not "substantially predominate[] over the claims over which the district court has original jurisdiction," and the Court has not "dismissed all claims over which it has original jurisdiction." See 28 U.S.C. § 1367(c).

Accordingly, the Court turns to the fourth factor, which

provides that the Court may decline supplemental jurisdiction under "exceptional circumstances" where "there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c)(4).  Given that all claims over which this Court has original jurisdiction are indefinitely stayed by the pending bankruptcy proceedings, it is quite possible that only the state law claims would be tried were the Court to exercise supplemental jurisdiction.  In that sense, it is analogous to a case where the federal claims have been dismissed.  See <u>Carnegie-Mellon Univ. V. Cohill</u>, 484 U.S 343, 350 n.7 (1988) (noting that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims").  Exercise of supplemental jurisdiction under these circumstances would not further the goals of comity and judicial economy.  See <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966) (discussing the doctrine of pendant jurisdiction later codified in 28 U.S.C. § 1367 and noting that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties"); <u>See also</u> <u>Shanaghan v. Cahill</u>, 58 F.3d 106, 110 (4th Cir. 1995) (discussing factors to be considered in exercising discretion to decline supplemental jurisdiction).

The Court thus concludes that "exceptional circumstances" exist to decline to exercise supplemental jurisdiction over the

10

state law claims pending against TA and Servicelink and that dismissal of the complaint as to those defendants is proper.  See Laborers Pension Fund v. Yordanoff Constr. Co., No. 94-2310, 1994 WL 323300 at *2 (N.D. Ill. June 27, 1994)(declining to exercise supplemental jurisdiction over a mechanics lien state law claim where the federal claims were stayed due to bankruptcy proceedings).  The dismissal will be without prejudice and, by operation of 28 U.S.C. § 1367, all applicable limitations periods were tolled during the pendency of the claim in federal court and for an additional thirty days after dismissal (or longer as provided by state law).  See 28 U.S.C. § 1367(d).  Having resolved to dismiss Plaintiff's claims against Servicelink and TA for lack of jurisdiction, TA's motion to dismiss for failure to state a claim will be denied as moot.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's action is dismissed without prejudice against Defendants Servicelink and TA.  A separate order will issue.


  _____/s/_____
  William M. Nickerson
  Senior United States District Judge



Dated: October 25, 2007

11