IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAULA RUSH                          :
                                    :
v.                                  :   Civil No. WMN-07-854
                                    :
AMERICAN HOME MORTGAGE, INC.,       :
et al.                              :

**MEMORANDUM**

Pending before the Court are two motions, both filed by Plaintiff, pro se, Paula Rush: (1) a Motion to Reopen Administratively Closed Case and Add New Party Defendants, Paper No. 36; and (2) a Motion for Extension of Time to File an Amended Complaint and Response to American Home Mortgage Motion to Dismiss.  Paper No. 40.  Both motions are ripe for the Court's decision.[1]  The Court finds no hearing is necessary, Local Rule 105.6, and that Plaintiff's motions will be denied.

This case arises out of the purchase of a home equity loan. On April 3, 2006, Plaintiff entered into an Adjustable Rate Mortgage (ARM) whereby Plaintiff borrowed $586,500 from Defendant American Home Mortgage, Corp. in return for a security interest in Plaintiff's residence.  Compl. ¶ 5.  On April 3, 2007, Plaintiff filed suit in this Court against American Home Mortgage, Corp., American Home Mortgage Servicing, Inc., and

---

[1] Plaintiff has not replied to the oppositions to either of her motions, and the time permitted under the Local Rule for doing so has expired.  Local Rule 105.2.a.

American Brokers Conduit American Home (collectively, "American Home")[2] and two additional defendants, Servicelink and Trust Appraisers ("TA"), alleging that the origination and servicing of her ARM violated state and federal laws.

On July 31, 2007, American Home filed a motion to dismiss. Plaintiff filed her Opposition to this motion on August 17, 2007.  Before American Home had an opportunity to file a Reply memorandum, this matter was stayed because of the filing of American Home's August 8, 2007, Suggestion of Bankruptcy.  The motion to dismiss remains outstanding.

While this matter was stayed against American Home, this Court granted the motions to dismiss filed by Servicelink and TA on October 25, 2007, leaving American Home as the only remaining defendants.  In the same Order, the Court administratively closed the case because the remaining defendants were in bankruptcy.

On June 16, 2008, Plaintiff filed an unopposed motion in the United States Bankruptcy Court for the District of Delaware against Debtor American Home Mortgage Corp., et al. seeking relief from the stay and permission to continue her Complaint in this Court.  Case No. 07-11047.  On July 17, 2008, the Honorable

---

[2] The Complaint incorrectly identifies American Home Mortgage, Corp. as American Home Mortgage, Inc.  In addition, according to Defendants, American Brokers Conduit is not a separate entity but a dba of American Home Mortgage, Corp.

2

Christopher Sontchi of the United State Bankruptcy Court for the District of Delaware granted the motion.  Judge Sontchi's Order stated that "the automatic stay imposed by Section 362 of the Bankruptcy Code is lifted in order to permit Movant to continue her lawsuit pending in the United States District Court for the District of Maryland . . . ."  Opp'n to Mot. to Reopen, Ex. A (Order Granting Emergency Motion for Relief From Automatic Stay).

    Plaintiff now seeks to amend her Complaint by adding new defendants,[3] as well as new allegations.  In its October 25, 2007, memorandum dismissing Defendants Servicelink and TA, this Court also denied Plaintiff's previous motion for leave to amend her Complaint as it was not in compliance with Local Rule 103.6. Local Rule 103.6 provides, in pertinent part, that a party seeking to amend a pleading shall attach both a clean copy of the proposed amended pleading and a copy of the amended pleading wherein "stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type."  Furthermore, "before filing a motion requesting leave to file an amended pleading, counsel shall

---

[3] Plaintiff names five entities as the presumptive new defendants in her motion: Deutsche Bank National Trust Company; Goldman Sachs Mortgage Company; Wells Fargo Bank, National Association; Mortgage Electronic Registration Systems Inc.; and Citigroup, Inc.  Mot. to Reopen 12-14, ¶¶ 29-33.

attempt to obtain the consent of other counsel.  Counsel shall state whether the consent of other counsel has been obtained." Local Rule 103.6(d).

As with her previous motion, Plaintiff has failed to comply with this Rule.  Plaintiff has not attached her amended complaint to her Motion, nor has she attached the also-required amended version.  Moreover, Plaintiff has not attempted to obtain the consent of Defendants' counsel.  Not only does Plaintiff's failure to comply with the technical requirements of the Local Rules require this Court to deny her motion, but it is these very failures that prevent the Court from seriously analyzing whether there is any merit to her claims against the new defendants.

Even if this Court liberally construes Plaintiff's motion to reopen and add new defendants as a request to file a supplement to her pending Complaint pursuant to Rule 15(d), Plaintiff has failed to state a basis for such a pleading. Rule 15(d) of the Federal Rules of Civil Procedure allows a party to serve a supplemental pleading setting out "any transaction, occurrence, or event that happened <u>after the date of the pleading to be supplemented</u>." (emphasis added). Supplemental pleadings require the permission of the Court, and must be made by motion, reasonable notice, and under just terms.

4

Id.  A plaintiff may add new defendants via a supplemental pleading, but only if the supplemental pleading relies "in good part on transactions, occurrences, and events which had happened since the action had begun." Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 226 (1964).

Plaintiff's motion, however, does not appear to add any allegations of a transaction, occurrence or event that took place subsequent to the filing of her Complaint.  For example, the crux of Plaintiff's motion is her allegation that "Defendants,[4] acting in concert, formed an enterprise . . . that was organized for the illegal and fraudulent purposes of inducing Plaintiff to take a loan, and to induce a secondary market participant, believed to be Goldman Sachs, to purchase a loan for inflated and misrepresented amounts . . . that left [Goldman Sachs] under secured."  Mot. to Reopen at 46, ¶ 103. "Goldman Sachs, Wells Fargo, and Deutsche Bank, as assignees are liable as the [Truth in Lending Act] violations were apparent on the face of the [loan] documents." Id. at 44, ¶ 99.  These allegations obviously concern the origination of Plaintiff's ARM, an event that Plaintiff alleges happened on April 3, 2006, Compl. ¶ 5, one year before her Complaint was filed on April 3,

---

[4] Plaintiff fails to note the entity or entities to which this term refers.  See footnote three for a list of the newly named defendants.

2007.  Thus, these allegations to do not permit the addition of defendants through a supplemental pleading and Plaintiff's motion to reopen will be denied as to her request to amend her Complaint.  The Court, however, will reopen the case and allow American Home to file a Reply memorandum to their motion to dismiss.

    Despite already having filed a motion to reopen the case and add new defendants, Plaintiff also filed a second request for "leave to file an amended complaint under Rule 15(a) and (d) of the Federal Rules of Civil Procedure . . . ."  Pl.'s Mot. for Ext. at 1.  For the reasons discussed above regarding her motion to reopen and add new defendants, the Court will also deny this new request to file an amended complaint.

    In Plaintiff's second motion, she also requests an extension of time to file an opposition to American Home's motion to dismiss, stating that she "has never responded to [American Home's] Motion to Dismiss due to the bankruptcy filing, because Plaintiff anticipated that a resolution could be reached in that venue."  Id., ¶ 8.  This, however, is an inaccurate statement as Plaintiff filed her "Motion in Opposition to Defendant American Home Mortgage Motion to Dismiss" on August 17, 2007.  Paper No. 27.  In the accompanying Memorandum, Plaintiff argued against the motion to dismiss for

6

thirty-two pages and attached a Proposed Order and twelve separate exhibits.  Because Plaintiff has already responded to the Motion to Dismiss, her motion for an extension of time will be denied.

For the foregoing reasons, Plaintiff's motions will be denied.  A separate order will issue.

```
                              _____/s/_____
                              William M. Nickerson
                              United States District Judge
```

Dated: August 19, 2009