IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

_____
                                                    )
PAULA RUSH,                                         )
                                                    )
                    Plaintiff,                      )        Case No. 07-854 (WMN)
                                                    )
          v.                                        )
                                                    )
AMERICAN HOME MORTGAGE CORP.,                       )
d/b/a AMERICAN BROKERS CONDUIT, and                 )
AHM SV, INC.,                                       )
                                                    )
                    Defendants.                     )
_____)

**DEFENDANTS AMERICAN HOME MORTGAGE CORP., D/B/A
AMERICAN BROKERS CONDUIT, AND AHM SV, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO ADD NEW PARTY DEFENDANTS AND INJUNCTIVE RELIEF**

Defendants American Home Mortgage Corp., d/b/a  American Brokers Conduit, and AHM SV,

Inc.,  (collectively, "American Home"), respectfully submit this Opposition to Plaintiff Paula Rush's

("Plaintiff" or "Rush") Motion to Add New Party Defendants and Injunctive Relief ("Motion"), which

was served upon American Home on January 8, 2010, Dkt. No. 50.  In support thereof, American Home

states the following:

**I.       PLAINTIFF EXCEEDS THE AUTHORITY TO AMEND HER COMPLAINT**

On December 3, 2009, this Court granted in part and denied in part American Home's Motion to

Dismiss.  Dkt No. 46.  As part of its ruling, the Court dismissed "Plaintiff's claims for rescission and her

possibly intended RESPA claim . . . but without prejudice and with leave to amend the Complaint within

30 days."  Dkt. No. 45 at 57.  The Court instructed Plaintiff that, should she amend her Complaint, "she

should make every attempt to be concise and, given the already voluminous Complaint filed, it is

unlikely that she would need more than an additional five pages with which to properly allege these two claims." Dkt. No. 45 at 57, n.8.

Plaintiff has ignored the Court's guidance, and has instead filed an avalanche of papers, each as artless and disorganized as her prior Complaint. *See* Dkt. No. 45 at 12. Plaintiff filed a twenty-four page Motion for a Temporary Restraining Order, Dkt. No. 51,[1] and then attached fifty separate exhibits that span over two-hundred-sixty pages. In her Motion to Add New Party Defendants and Injunctive Relief, which itself covers an additional thirty pages, Rush cites to numerous exhibits appended to her Motion for a Temporary Restraining Order.[2]

By her Motion, Plaintiff seeks the permission of this Court to add seven new parties. Dkt. No. 51 at 2-3. However, in the caption to Plaintiff's proposed Amended Complaint, Rush lists a total of twelve named defendants, and fails to list current defendant AHM SV, Inc. Dkt. No. 50-1 at 1-2.[3] Similarly, Rush's Motion appears to attempt to state several new claims: "Count Eleven—Unjust Enrichment," *id*. at 15; "Count Twelve—Violation of the Homeowner Protection Act of 1998," *id*. at 16; "Count Thirteen—Fraudulent Concealment," *id*. at 16; "Count Fourteen—Void Interest--Quiet Title," *id*. at 17; "Count Fifteen—TILA Rescission--Overcharges," *id*. at 21; "Count Sixteen—TILA Right of Rescission," *id*. at 122; "Count Nineteen—Failure to Respond to Rescission Letter," *id*. at 28;[4] and

---

[1] American Home's Opposition to Plaintiff's Motion for a Temporary Restraining Order was filed on January 11, 2010. Because Rush's voluminous papers had not yet been entered into the PACER system, American Home's Opposition was docketed as entry number 49.

[2] Both of Rush's recent filings are in violation of Local Rule 105.4, which requires a table of contents in "any memorandum or brief exceeding twenty-five (25) pages in length."

[3] AHM SV, Inc. also fails to appear in the section labeled "The Parties" of Rush's Amended Complaint. Dkt. No. 50-1 at 5-11.

[4] Rush's Motion contains no claims labeled Count Seventeen or Count Eighteen, but skips from Count Sixteen directly to Count Nineteen.

"Count Twenty—Failure to Respond to Request Under TILA 15 U.S.C. 1641(f)(2)," *id*. at 28.

However, none of these allegations appear in Plaintiff's proposed Amended Complaint.  Nor did this

Court's Order of December 3rd authorize Plaintiff to add new parties, or to include these additional

claims.  The Court specifically enumerated which claims that "Plaintiff will be permitted to proceed on."

Dkt. No. 45 at 57.  Yet, in contravention of this Court's Order of December 3rd, Plaintiff's Amended

Complaint re-asserts two claims which were dismissed without leave to amend: Count Three alleging

violation of the Truth in Lending Act's advertising provisions, and Count Five alleging violation of the

Racketeer Influenced and Corrupt Organizations Act ("RICO").

Plaintiff's Amended Complaint contains her "New Count Ten" claim purportedly under RESPA,

Dkt. No. 50-1 at 40- 46.  Counts One and Two of Rush's Amended Complaint also contain revised

language.  These are the only revisions to her Complaint that could possibly comport with this Court's

Order.  Thus, Plaintiff's Motion to Add New Party Defendants and Injunctive Relief should be denied.

Plaintiff's Amended Complaint should be accepted only to the extent it complies with this Court's

previous Orders, and Plaintiff should be allowed to proceed solely against American Home, who are the

only current defendants in this action.

## II.   <u>PLAINTIFF AGAIN FAILS TO COMPLY WITH LOCAL RULE 103.6</u>

Plaintiff has again run afoul of Local Rule 103.6, which governs the procedure for amending a

pleading.  Plaintiff's previous attempts to amend her Complaint were invalidated in part due to

Plaintiff's failure to comply with Rule 103.6.  *See* Order of August 19, 2009, Dkt. No. 42 at 3-4. Under

Local Rule 103.6(a), Plaintiff's proposed amended pleading must accompany her Motion for leave to

amend.  However, as noted above, the proposed claims alleged in her Motion are not contained in her

proposed amended pleading.   As such, Plaintiff has again violated Local Rule 103.6.

Additionally, Local Rule 103.6(d) requires that "[b]efore filing a motion requesting leave to file an amended pleading, counsel shall attempt to obtain the consent of other counsel.  Counsel shall state in the motion whether the consent of other counsel has been obtained."  This Court has held that plaintiff has previously violated Rule 103.6(d).  *See* Order of August 19, 2009, Dkt. No. 42 at 3-4.  Plaintiff now claims that she "discussed the amended Complaint and adding New Party defendants and counsel for American Home did not object."  Mot. at 1.  This is a false statement.

On December 8, 2009, counsel for American Home spoke with Rush over the telephone.  Rush stated that she did intend to file an Amended Complaint, per this Court's Order of December 3rd.  Rush then consented to extending the time for American Home's response to fourteen days following the filing of her Amended Complaint.  Following this conversation, counsel for American Home sent an email to Rush, confirming the conversation.  A copy of the email is attached hereto as Exhibit A.  No discussion was had with Rush concerning the addition of new parties, and American Home did not consent to Rush's filing any amended pleading that was inconsistent with this Court's December 3rd Order.  Plaintiff has failed to comply with Local Rule 103.6(d).

Because Plaintiff has yet again failed to comply with Local Rule 103.6, her Motion to Add New Party Defendants and Injunctive Relief should be denied.

## III.    PLAINTIFF FAILS TO STATE BASIS FOR A SUPPLEMENTAL PLEADING

Plaintiff claims that her proposed amended pleading should "be considered a supplemental pleading pursuant to [Federal Rule of Civil Procedure] 15(d) as this pleading sets out transactions, occurrence[s], and events that happened and/or were discovered after the date of the original pleading."  Dkt. No. 50 at 1.  Even if the Court were to liberally construe Plaintiff's Motion as a request to file a supplemental Complaint pursuant to Rule 15(d), Plaintiff has failed to state a basis for such a pleading.

Rule 15(d) of the Federal Rules of Civil Procedure allows a party to serve a supplemental pleading setting out "any transaction, occurrence, or event that happened **after the date of the pleading to be supplemented**" (emphasis added).  Supplemental pleadings require the permission of the Court, and must be made by motion, reasonable notice, and under just terms.  *Id*.  A plaintiff may add new defendants via a supplemental pleading, but only if the supplemental pleading relies "in good part on transactions, occurrences, and events which had happened since the action had begun."  *Griffin v. County School Bd. of Prince Edward County*, 377 U.S. 218, 226 (1964).

In a section of her Motion entitled "New Parties To Be Added," Plaintiff names seven entities, with their addresses, as the presumptive new defendants:  Bierman Geesing & Ward; Deutsche Bank National Trust Company; Wells Fargo Bank, N.A.; Wilbur Ross and Co., LLC; GSR Mortgage Loan Trust 2006-OA1; Citibank N.A.; and MERS.  Dkt. No. 50 at 2-3.  However, in the remainder of her Motion, and despite employing a mélange of various spacings and typefaces, Plaintiff never explains what connects her to any of these additional parties.  From statements in her Motion such as "Goldman Sachs was simply a warehouse lender doing business with American Home under a conduit program," Mot. at 7, and "Goldman Sachs provided American Home with a warehouse credit line to originate loans for Goldman Sachs," Mot. at 13, the most Plaintiff could be alleging are that these new entities are somehow related to the origination of her mortgage loan.  As this Court has previously ruled, because the origination of Rush's loan occurred a year before the filing of her Complaint, such allegations "do not permit the addition of defendants through a supplemental pleading."  Dkt. No. 42 at 5-6.

The closest Plaintiff comes to establishing a connection between any new party and herself are her statements that "Wells Fargo did nothing to reach out to Plaintiff and try and resolve the issues," Mot. at 12; "Goldman Sachs, Wells Fargo, and Deutsche Bank outright refused to answer letters and

phone calls requesting they admit or [sic] rights and capacities regarding this loan," Mot. at 12; and "not one party [came] forward to offer any loss mitigation or solution as early as the first inquiries made by Plaintiff in December 2006."  Mot. at 16.  Rush fails to explain what might have obligated any of these entities to "reach out" to Rush.  Regardless, these allegations show that, despite her self-serving statement that her Motion pertains to actions taken after the filing of her Complaint on April 3, 2007, Mot. at 1, Rush has admitted that her alleged "inquiries" were initiated beginning in December 2006— that is, at least four months **prior** to Rush's Complaint.

Thus, Plaintiff has failed to demonstrate a basis for a supplemental pleading under Fed. R. Civ. P. 15(d).  As a result, Plaintiff's Motion to Add New Party Defendants and Injunctive Relief should be denied.

## IV.   PLAINTIFF'S PROPOSED AMENDMENTS WOULD BE FUTILE

Plaintiff should not be granted leave to amend her Complaint because any such amendment would be immediately subject to dismissal.  Leave to amend a pleading should be denied when the amendment is made in bad faith, as well as when the amendment would be futile.  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).  A futile amendment is one that could not withstand a motion to dismiss, and in such instances, a plaintiff's motion to amend should be denied.  *Perkins v. U.S.*, 55 F.3d 910, 917 (4th Cir. 1995); *see also Hawkins v. Chick*, No. 09-661, 2009 WL 4017953, at *8 (D. Md. Nov. 17, 2009) (amendment futile because additional claims would be barred by statute of limitations); *Reed v. River Road Surgical Center, LLC*, No. 08-2032, 2009 WL 2514136, at * 3 (D. Md. Aug. 14, 2009) (motion for leave to amend should be denied if proposed amended complaint would fail to state a claim upon which relief could be granted).

**A.  Plaintiff's False Advertising Claim is Subject to Dismissal**

Repleading a claim is futile when it was dismissed on the merits, which includes dismissals based on subject matter jurisdiction.  *U.S. ex. rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, (3rd Cir. 2007).  By this Court's Order of December 3, 2009, Plaintiff's claim of False Advertising was dismissed because "this Court does not have original subject matter jurisdiction over Plaintiff's advertising claim."  Dkt. No. 45 at 39.  Despite the Court's ruling, Plaintiff has reasserted her False Advertising claim in her proposed Amended Complaint.  Dkt. 50-1 at 23 ("Plaintiff seeks a remedy for deceptive advertising and bait and switch sales of mortgages.").  Plaintiff has not attempted to replead her claim in any way that could create subject matter jurisdiction.  In her Motion, Plaintiff provides no explanation for why she has restated this previously dismissed claim.  Even had Plaintiff attempted to state this claim in a new way, she would still be defeated by the fact that she does not have a private right of action for this claim.  Dkt. No. 45 at 39.  Thus, Plaintiff should not be allowed to reassert a claim for false advertising.

**B.  Plaintiff's RICO Claim is Subject to Dismissal**

Similarly, Rush has improperly reasserted her RICO claim and offers no explanation for why she has chosen to ignore the Court's order dismissing her RICO claim.  Despite revising her claim to include additional parties, Rush has failed to alter her RICO claim in any way that corrects the deficiencies which led to its original dismissal.

Although Plaintiff has again failed to identify the RICO section under which she brings her claims, it appears she is again attempting to bring her claims under 18 U.S.C. § 1962(c), which makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the

conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  In order to plead a violation of Section 1962(c), a plaintiff must plead the following elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  *Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985).  To adequately plead these elements, she must identify the enterprise, demonstrate that the enterprise is distinct from the RICO "person" (i.e., the defendants), and plead how each defendant participated in the operation or management of the enterprise.  *Toucheque v. Price Bros. Co.*, 5 F. Supp. 2d 341, 346-47 (D. Md. 1998).  Additionally, a plaintiff must demonstrate a pattern of racketeering activity, either through closed- or open-end continuity.  *Parcoil Corp. v. NOWSCO Well Service, Ltd.*, 887 F.2d 502, 503-04 (4th Cir. 1989) (holding that the predicate acts must themselves be continuing or there must be a continuing threat of purported racketeering activity).

Rush has again failed to allege an enterprise separate and distinct from the defendants.  Rush has also failed to allege the requisite pattern of racketeering activity.   Rush states that there existed a "conspiracy to create a loan" that would include "a large margin and a prepayment penalty."  Dkt. No. 50-1 at 35.  Rush suggests that this was "an illegal act," but fails to state how this was illegal.  *Id*. at 36. Rush claims that "[t]hese terms were highly desirable to the 'TRUST' parties," but fails to define who the "'TRUST' parties" are.  *Id*. at 35.  Rush alleges that "All Defendants-disseminate [sic] misleading information to investors via their web sites and in SEC filings to promote their revenue regarding GSR 2006-0A1 Trust," *id*. at 36, but Plaintiff again fails to identify any purportedly fraudulent communication, including its content, who made it, and when it was made.  Fed. R. Civ. P. 9(b). Plaintiff goes on to contradict herself, alleging in the same paragraph that "Goldman Sachs offered warehouse lines of credit to American Home to originate loans," and then claiming that Goldman Sachs was not the warehouse lender, but instead, the actual lender—"the funder"—of her loan.  Dkt. No. 50-1

at 36.  Plaintiff claims that a yield spread premium ("YSP") "payment was made between employer

(lender AHM[5] or securitizer Goldman Sachs) to broker (The Loan Corporation).  It is unclear if the YSP

was shared by American Home or American Brokers Conduit."  *Id*. at 37.  However, not only is the

payment of a YSP not an illegal act, but it is a legitimate tool to assist a borrower.  *See Busby v. JRHBW*

*Realty, Inc.*, 513 F.3d 1314, 1321 (11th Cir. 2008).  Furthermore, from the plain language of her

Amended Complaint, Rush's allegations about the relationship between these parties are uncertain and

speculative at best.  Lastly, Plaintiff fails to describe any actions taken by "Deutsche Bank, Wells Fargo

. . . Citibank, or MERS."  Dkt. No. 50-1. at 35.

Under this analysis, Plaintiff's allegations of conspiracy make no sense, and her claim for any

RICO violation must fail.  As such, Plaintiff should not be allowed to reassert a claim that was

previously and properly dismissed.

### C.  Plaintiff's RESPA Claim is Subject to Dismissal

Plaintiff's claim under RESPA is based on three allegations: (1) that she was required to use

certain settlement service providers; (2) that the YSP paid by the lender to the broker was excessive; and

(3) that Rush did not receive a good-faith estimate within three days of making a loan application.

However, Rush is unable to state a claim under RESPA.

As a preliminary matter, Rush is limited to asserting any RESPA claims solely against American

Home.  RESPA provides a one-year statute of limitations for violations of 12 U.S.C. § 2607, which is

codified at 12 U.S.C. § 2614.  When Plaintiff filed her original Complaint on the one-year anniversary

of her loan, she elected to name as defendants only American Home and two entities who have now

---

[5] Plaintiff fails to define this term.

been dismissed from this action.  Thus, any effort to state a RESPA claim against any other entity is now time-barred, as nearly four years have elapsed since Rush obtained her mortgage loan.[6]

RESPA prohibits kickbacks and unearned fees between real estate settlement service providers. 12 U.S.C. § 2607.  Lenders and settlement service providers may maintain an affiliated business arrangement and provide referrals if the affiliated business arrangement is disclosed to the borrower.  12 U.S.C. § 2607(c).  Rush maintains that she was "not given any choice or informed of any choice of settlement provider," Dkt. No. 50-1 at 40, and that her good faith estimate and her "ABA documents"— Affiliated Business Arrangement documents—informed her that she "will be required" to use certain settlement service providers.  *Id*. at 41.  However, Rush's own documents belie her statements.

First, the Good Faith Estimate ("GFE") attached to her original Complaint contains a section "to be completed by lender only if a particular provider of service is required."  Dkt. No. 1-2 at 7, a copy of which is attached hereto as Exhibit B.[7]  No required settlement service providers are listed in the GFE. *Id*.  Additionally, the GFE did not inform Rush that she "will be required" to use any settlement service

---

[6] Similarly, amid Plaintiff's RESPA claim, Rush references two vaguely identified sections—"§12-119" and "§12-120"—of Maryland law that appear to come from the Maryland Code, Com. Law.  Dkt. No. 50-1 at 41. These two code sections address fees for settlement services, and a lender's attorneys fees, respectively.  To the extent that Plaintiff endeavors to state a claim under these sections, she fails because (1) Plaintiff raises them here for the first time and without leave to include them in her Amended Complaint; (2) Plaintiff fails to allege any facts in support of these claims and merely reiterates selected elements; and (3) any such claims are barred by the three-year statute of limitations.  Md. Code Ann., Courts and Judicial Proceedings § 5-101.

[7] Plaintiff's GFE and Affiliated Business Arrangement Disclosure are attached hereto as Exhibits B and C, respectively.  Although Plaintiff failed to attach either document to her proposed Amended Complaint, because these documents are "integral to and explicitly relied on in the complaint," the Court may properly consider them as part of a motion to dismiss.  *Am. Chiropractic Assoc., Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *see also Darcangelo v. Verizon Communications, Inc.,* 292 F.3d 181, 195 n.5 (4th Cir. 2002).  The purpose of this rule is to prevent a party from maintaining a claim to which she has no legal right on the basis of the documents relied on in the complaint.  *See Am. Chiropractic Assoc.*, 367 F.3d at 234; *see also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993) ("Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.").

provider.  To the contrary, Rush was provided with an "Affiliated Business Arrangement Disclosure," attached hereto as Exhibit C, that identified an affiliated business of American Home.  Rush was further informed by that disclosure that "THERE ARE FREQUENTLY OTHER SETTLEMENT SERVICES PROVIDERS AVAILABLE WITH SIMILAR SERVICES.  YOU ARE FREE TO SHOP AROUND TO DETERMINE THAT YOU ARE RECEIVING THE BEST SERVICES AND BEST RATE FOR THESE SERVICES."  Ex. C.  Thus, any allegations by Rush to the contrary would be subject to dismissal for failure to state a claim.

Next, Rush attempts to state a claim under RESPA concerning the YSP paid by "AHM" to The Loan Corporation.  Rush states the legal conclusion that the YSP paid "is an excessive fee which could not be based on any actual services rendered."  Dkt. No. 50-1 at 42.  However, Rush cannot make up her mind about who paid the YSP.  First, Rush alleges that "it was actually Goldman [Sachs] as funder who paid the yield spread premium that violated Section 8 of RESPA."  *Id*. at 43.  Then, two paragraphs later, Rush changes her mind and declares that "[i]t is unclear if American Brokers Conduit paid [the YSP] entirely to The Loan Corporation or shared in some part of it."  *Id*.  Where a plaintiff cannot make up her mind as to her allegations, "[i]t is not this court's role to attempt to divine Plaintiff's intent where it is not otherwise apparent[.]"  *Hawkins v. Chick*, 2009 WL 4017953, at * 5 (Dismissing RICO and RESPA claims where "the complaint is frequently repetitive, occasionally nonsensical, and at times, self-contradictory.").

Lastly, Rush attempts to bring an action based on her allegation that she did not receive a GFE within three days of her loan application.  Presumably, Plaintiff meant to cite 12 U.S.C. § 2604(c), which requires that lenders disclose "a good faith estimate of the amount or range of charges for specific settlement services the borrower is likely to incur."  However, "this provision does not provide for a

private right of action." *Banda v. Resource Bank*, 568 F. Supp. 2d 32, 34-35 (D.D.C. 2008) (citing *Collins v. FMHA-USDA,* 105 F.3d 1366, 1367-68 (11th Cir.1997)).  Thus, for all of these reasons, Rush's RESPA claim would be unable to survive a motion to dismiss, and leave to amend her Complaint to include such claims should be denied.

### D.  Plaintiff's Allegations Against New Defendants Are Subject to Dismissal

To the extent that Plaintiff seeks to include new defendants, she has failed to comply with Fed. R. Civ. P. 8(a), requiring that a party seeking relief must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Moreover, the averments of a complaint must be "simple, concise, and direct."  *Id.* at 8(e)(1).  Dismissal is appropriate where the complaint is "so confused, ambiguous, vague or otherwise so unintelligible that its true substance, if any, is well disguised."  *Blackstone v. I.R.S.*, No. 98-2648, 1998 WL 796738, *1 (D. Md. Sept. 30, 1998) (dismissing plaintiffs' complaint which consisted of "a confusing amalgam of quotations taken from various cases, statutes, and regulations, which the court construes as a complaint") (quotation ommitted).

Plaintiff's labyrinthine proposed Amended Complaint has a Caption listing twelve defendants, but a section entitled "The Parties" which labels only American Home Mortgage Holdings, American Brokers Conduit,[8] The Loan Corporation, and MERS as defendants.  Dkt. No. 50-1 at 5-11.  Plaintiff's allegations about several parties are impermissibly vague; for example, Rush's sole allegation concerning "CITIBANK" is that it "is [an] entity claimed to have held a secured interest in this loan and that status is unknown."  *Id*. at 11.  Entities such as "WL Ross and Co. LLC," "CITIBANK," "AHMSI," and "MERS," are listed by Rush in her "The Parties" section, and then never mentioned again in the

---

[8] American Broker's Conduit has previously, and repeatedly, been identified to Plaintiff as no more than a d/b/a of American Home Mortgage Corp.

remainder of her proposed Amended Complaint.  The sole mention of "Bierman Geesing and Ward" occurs in the "Introduction" to the proposed Amended Complaint. Dkt. No. 50-1 at 2.  Plaintiff appears to create collective definitions such as the "Trust Parties," Dkt. No. 50-1 at 3, "Trust Defendants," Dkt. No. 50-1 at 37, and "American Home Defendants," Dkt. No. 50-1 at 38, but never specifies which defendants are included under such umbrellas.  Plaintiff's verbosity fails to provide any clarity, fails to allege in "simple, concise and direct" terms what actions were undertaken by these additional entities, and Plaintiff ignores this Court's admonition that "she should make every attempt to be concise."  Dkt. No. 45 at 57, n.8.  Thus, this Court should deny Plaintiff's attempt to add new defendants to this matter.

## CONCLUSION

Mindful of her *pro se* status, and out of its "desire to see no meritorious claim dismissed on a technicality," Dkt. No. 45 at 57, n.8, this Court has repeatedly given Plaintiff the benefit of the doubt, and allowed her to restate part of her artless and disorganized Complaint.  *See* Dkt. No. 45 at 12. However, Plaintiff has taken this opportunity and abused it, filing a Motion for leave to amend that bears little in common with her proposed Amended Complaint.  Although cautioned to be concise, Plaintiff instead has filed over three hundred pages of documents.  Even Plaintiff's revised allegations are vague, nonsensical, and appear to have been cut-and-pasted from internet websites, regardless of their lack of relevance.  While Plaintiff has added more words, she has not added any more clarity.

WHEREFORE, for all of the reasons stated herein, American Home respectfully requests that Plaintiff's Motion to Add New Party Defendants and Injunctive Relief be denied.


Date:  January 21, 2010                                    ____/s/ Scott D. Burke_____
                                                           Scott D. Burke (Bar No. 016117)
                                                           David M. Souders (Bar No. 015102)
                                                           WEINER BRODSKY SIDMAN KIDER PC

1300 19th Street NW, Fifth Floor
Washington, DC  20036
202.628.2000
202.628.2011 (facsimile)

*Counsel for Defendant AHM SV, Inc., and
American Home Mortgage Corp.*

**CERTIFICATE OF SERVICE**

I, Scott D. Burke, certify that I caused a true and correct copy of the foregoing to be served, on

January 21, 2010, via electronic mail to paularush@comcast.net, as well as First-Class Mail, postage

prepaid, upon the following:

        Paula Rush
        2651 Peery Drive
        Churchville, MD  21028

                                /s/ Scott D. Burke
                              Scott D. Burke