**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| PAULA RUSH | * | |
| | * | |
| v. | * | Civil Action WMN-07-CV-0854 |
| | * | |
| AMERICAN HOME MORTGAGE, INC. | * | |
| et al. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM**

Plaintiff filed her Complaint in this action on April 3,
2007, seeking both rescission of her mortgage with Defendants
and damages.  The Court administratively closed the case in
October 2007 due to the dismissal of several named Defendants
and the bankruptcy proceedings of the remaining Defendants.  The
Court reopened the case in August 2009 on Plaintiff's motion and
in December 2009, the Court denied in part and granted in part
the remaining Defendants' Motion to Dismiss.  The Court denied
several of Plaintiffs' claims without prejudice to allow
Plaintiff to seek leave to amend.  On November 13, 2009, the
Substitute Trustee for Rush's Deed of Trust instituted a
foreclosure action with notice provided to Plaintiff on December
7, 2009.  The Substitute Trustee notified Plaintiff of a pending
foreclosure sale scheduled for January 8, 2010.  In response,
Plaintiff filed this Emergency Motion for Temporary Restraining
Order, Paper No. 51, on January 8, 2010, asking this Court 1) to
prevent the foreclosure sale of the Subject Property; 2) to

1

obtain discovery; 3) to have this Court "take jurisdiction of

the foreclosure action;" and 4) for this Court to dismiss the

proceeding currently pending in Harford County Circuit Court,

Maryland, Case No. 12-C-09-003948.  Defendants responded to

Plaintiff's motion and the time for Plaintiff's Reply is past.

Upon review of the pleadings and the applicable case law, the

Court determines that no hearing is necessary (Local Rule 105.6)

and that Plaintiff's Emergency Motion for Temporary Restraining

Order will be denied as set forth below.

Defendants informed the Court in their Opposition that the

Substitute Trustee for Rush's Deed of Trust has cancelled the

foreclosure sale scheduled for January 8, 2010, and that there

is no other foreclosure sale date scheduled for the property.

For this reason, the Court finds that Plaintiff's Motion for a

Temporary Restraining Order is moot and will be denied.

Plaintiff's request for discovery is premature and will

also be denied.  Plaintiff recently sought leave to amend her

Complaint, delaying Defendants' Answer and the issuance of the

Court's scheduling order.  Because the scheduling order has not

yet been issued, pursuant to Local Rule 104.4, the discovery

conference required to take place prior to the beginning of

discovery under Federal Rules of Civil Procedure 26(d) and 26(f)

has yet to occur.  Plaintiff has provided no good reason as to

why discovery must proceed prior to the normal course of events.

Finally, Plaintiff requested this Court to take

jurisdiction over the State court foreclosure action and dismiss

it.  Plaintiff has provided no grounds by which this Court could

dismiss a state court case.  Instead, 28 U.S.C. § 2283 permits a

U.S. Court to only "grant an injunction to stay proceedings in a

State court" under three circumstances: 1) when expressly

authorized by Act of Congress; 2) where necessary in aid of its

jurisdiction; or 3) to protect or effectuate its judgments.  See

also Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 630 (1977).

Here, there is no Act of Congress authorizing a stay nor has

this Court rendered a judgment in need of protection.  Thus, the

Court may only institute a stay if it is necessary in order to

aid its jurisdiction.

The Court does not find that a stay is warranted here to

aid its jurisdiction.  Defendants argue that the foreclosure

case was initially instituted against Rush in December 2006 and

that this Court would not be, therefore, protecting its

jurisdiction by staying the State court foreclosure action.  In

reviewing the docket of the December 2006 foreclosure case, it

appears that the court dismissed it without prejudice for lack

of prosecution in September 2008.  The recent foreclosure case,

however, was instituted in November 2009, well after Plaintiff

filed her case here and Defendants' argument seems groundless.

Nonetheless, Plaintiff's only claims currently before the Court

following Defendants' motion to dismiss that would possibly be

affected by the foreclosure action are her fraud claim and her

claim for violation of the Maryland Consumer Fraud and Deceptive

Practices Act, both State court claims.  The State court is

better positioned to decide these claims than this Court.

Moreover, while Plaintiff has moved for leave to amend her

Complaint to state a rescission claim under the Truth-in-Lending

Act, this claim is not yet properly before the Court so there is

no jurisdiction to protect.  Finally, Plaintiff's only federal

claims upon which this Court has allowed her to proceed may

result only in an award of damages, which would be unaffected by

the State foreclosure action.  Thus, this Court has no grounds

by which to "take jurisdiction of the foreclosure action" or to

stay or dismiss that action.

     For the foregoing reasons, Plaintiff's Emergency Motion for

Temporary Restraining Order will be denied.  A separate order

will issue.


                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge
February 4, 2010